ORIGINAL



## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Jolie Baetzel<br>18707 Winslow Road<br>Shaker Heights, Ohio 44112 | )<br>)<br>)<br>) | **1:04CV0119**<br>Case No. _____ |
| Plaintiff, | )<br>) | Judge: __JUDGE WELLS__ |
| v. | )<br>)<br>) | MAG. JUDGE HEMANN |
| Home Instead Senior Care<br>1104 South 76 Avenue, Suite A<br>Omaha, NE 68124 | )<br>)<br>)<br>) | |
| | ) | **Complaint** |
| GEO Care, Inc. dba Home Instead<br>Senior Care<br>26777 Lorain Road<br>North Olmsted, Ohio 44070 | )<br>)<br>)<br>)<br>) | (Jury Demand Endorsed Hereon) |
| Geoffrey Moore, President<br>GEO Care, Inc. dba Home Instead<br>26777 Lorain Road<br>North Olmsted, Ohio 44070 | )<br>)<br>)<br>) | |

Now comes the above Plaintiff, Ms. Jolie Baetzel (hereinafter "Plaintiff Baetzel"), by and through undersigned counsel, Jihad M. Smaili, Esq., and hereby alleges the following for her Complaint:

### Nature of the Action

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a) and 1981(b), as well as under Ohio State laws and policies, to correct unlawful discrimination on the basis of sex, retaliation, wrongful discharge, and to make whole Plaintiff Baetzel.

## Jurisdiction

This Court has jurisdiction over Plaintiff Baetzel's claims based upon 28 U.S.C. Sections 1331 and 1343 since they arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a) and 1981(b). Plaintiff Baetzel further invokes the pendent jurisdiction of this Court to consider additional claims arising under state law. The amount in controversy exceeds $75,000 excluding costs and attorneys' fees.

Furthermore, personal jurisdiction exists since the Defendants listed herein are domiciled or operate their business in the State of Ohio and can be found in this District and would be served within same.

## Venue

Venue is proper in this District pursuant to 28 U.S.C. Section 1391, 42 U.S.C. Section 12117(a) because the unlawful employment practices are alleged to have been committed in this District, and, upon information and belief, the employment records relevant to such practices are maintained and administered in this District, and Plaintiff Baetzel worked in this District but for the alleged unlawful employment practices.

## Parties

1. Plaintiff Baetzel is a woman currently residing with her 13 year-old daughter, and at all times relevant to this cause of action, in the District;

2. Defendant Home Instead Senior Care (hereinafter "Defendant Home Instead"), according to the Company's Operation Manual, has the goal of being the "world's trusted, non-medical source of Companionship and home care for the elderly"[1]. Defendant Home Instead has

---

[1] Operations manual, Home Instead Senior Care, p, 1-1

"hundreds of locations from coast to coast in the United States, and locations in both Canada and Japan"[2];

3. Defendant GEO Care, Inc. (hereinafter "Defendant GEO Care") is a franchisee of Defendant Home Instead and is provided extensive support, guidance, and direction from Defendant Home Instead. Defendant GEO Care offers this elderly companionship service to the Greater Cleveland area and currently has over 80 employees on the company payroll;

4. Defendant GEO Care is duly organized and existing under the laws of the State of Ohio with the principal place of business located in Cuyahoga County, Ohio. At all relevant times herein, Defendant GEO Care has continuously been an employer within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e (b), (g) and (h) and has continuously had at least 15 employees;

5. Defendant Geoffrey Moore (hereinafter "Defendant Moore") holds President and franchisee owner titles for Defendant Geo Care and Defendant Home Instead. Defendants GEO Care and Home Instead, at all times relevant herein, aided and abetted Defendant Moore, and such Defendants aided and abetted each other, in subjecting Plaintiff Baetzel to unlawful employment practices and to employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a. All Defendants are being sued in their individual, employment, and supervisory capacities;

## Introduction

6. Plaintiff Baetzel holds a bachelor of science degree in public relations. That she was hired by Defendants Moore, GEO Care, and Home Instead, given a job title of Community Service Representative/Care Coordinator, and commenced employment on November 16, 2002;

---

[2] Id. at 1-2, 1-4.

7. Throughout her employment with Defendants GEO Care and Home Instead, Plaintiff Baetzel encountered severe sexual harassment, discrimination, and mistreatment by named Defendant Moore until she was terminated on May 27, 2003;

8. Plaintiff Baetzel filed a complaint/charge of discrimination, in retaliation for rebuffing Defendant's unwanted advances, with the Ohio Civil Rights Commission and the United States Equal Employment Opportunity Commission on July 13, 2003. On January 8, 2004, Plaintiff Baetzel received her right to sue letter, attached hereto as Plaintiff's Exhibit "A";

9. Throughout her employment with Defendant GEO Care, Plaintiff Baetzel experienced discrimination through sexual harassment and a hostile work environment;

10. During her six months of GEO Care employment, Plaintiff Baetzel was also coping with the dissolusionment of her marriage and protracted death of her Mother;

11. Within Plaintiff Baetzel's first two weeks of employment, while making sales calls in the community with Defendant Moore, she was the victim of inappropriate touching and sexually suggestive comments from Defendant Moore, her supervisor;

12. During these first months, while on community sales calls outside the office, Defendant Moore would allude to wanting a personal sexual relationship with Plaintiff Baetzel, told her he had dreams about her, told her he "needed to get laid," tried to hold her hand, insinuated that he was at her home on previous nights when she was there by herself, etc.;

13. These unwanted sexual advances, touchings, and harassing statements continued for the first 4 months of Plaintiff Baetzel's employment with Defendants GEO Care and Home Instead;

14. During her fourth month of employment, Plaintiff Baetzel received from Defendant Moore a proposed "Million Dollar Plan," attached hereto as Plaintiff's Exhibit "B," promising an unwelcomed and unwanted plan for Plaintiff Baetzel to earn $1million with GEO Care/Home Instead by becoming "romantically exclusive" and a "couple" with Defendant Moore;

15. After Plaintiff Baetzel's consistent refusals of Defendant Moore's harassing sexual advances and commentary, Defendant Moore began to require her to account for her whereabouts and time during sales calls, began interviewing for someone to replace her, decreased her salary for time spent at lunches, and other retaliatory behavior;

16. Defendant Moore became increasingly daily obsessive concerning Plaintiff Baetzel's work time and whereabouts;

17. Plaintiff Baetzel's marketing efforts on behalf of the Defendants were successful in 3 articles and one interview being secured for the Defendants' business;

18. Plaintiff Baetzel attempted to define her work schedule and specific job requirements with Defendant Moore, but Defendant Moore said he preferred to keep these things "fluid" and would not commit;

19. Plaintiff Baetzel was terminated for "missed time" and "an erratic work schedule". Plaintiff Baetzel accepted the position with Defendants GEO Care and Home Instead under the terms that the hours were flexible in needing to meet the demands of the position;

20 Defendant Home Instead states clearly in its Employment Policies that sexual harassment is not tolerated and this includes "unwelcome sexual advances, sexual comments or jokes, requests for sexual favors or other unwelcome verbal or phyiscal conduct of a sexual nature"[3].

21. Because of this sexual harassment, retaliatory behavior, and wrongful discharge, Plaintiff Baetzel has sought medically necessary psychiatric and counseling care;

## First Cause of Action
## Title VII of the 1964 Civil Rights Act
## Title I of the 1991 Civil Rights Act

---

[3] Id. at "Master Copies" section.

22. Plaintiff Baetzel repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 21 as if more fully set forth at length herein;

23. Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a) and 1981(b) prohibits discrimination in employment on the basis of sex, race, color, religion or national origin. Sexual harassment was specifically recognized as sex discrimination by the United States Supreme Court. Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57 (1986); Fleenor v. Hewitt Soap Co., 81 F.3d 48 (6th Cir. 1996); Kauffman v. Allied Signal, Inc., 970 F.2d 178 (6th Cir), cert denied, 506 U.S. 1041 (1992). Actionable sexual harassment may take a quid pro quo form, where terms of employment are conditioned on submission to sexual advances, or may take the form of a sexually hostile work environment. Reed v. Delta Air Lines, Inc., 1994 U.S. App. LEXIS 3485 (6th Cir. 1994). The unlawful employment practices and employment discrimination complained of above were intentional within the meaning of Section 1977(a)(2) and (b) of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a;

24. At all relevant times, Defendants acted with malice and reckless indifference to the statutorily protected rights of Plaintiff Baetzel in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a and other statutes;

25. As for her causes of action against Defendants regarding their conduct herein alleged, intentionally, willfully, and without justification, did deprive Plaintiff Baetzel of her rights, privileges, and immunities secured to her by the Constitution and the laws of the United States, particularly her right to be free from unlawful employment practices and employment discrimination as provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., and title I of the Civil Rights Act of 1991, 42 U.S.C. Sections 1981a and 1981b, Plaintiff

Baetzel has suffered damages which continue to accrue and for any and all back pay, front pay, compensatory, and punitive damages by law, including interest and attorneys' fees, made and provided, in an amount exceeding $1,000,000.00;

## Second Cause of Action
## Violation of Ohio's Fair Employment Practices Law
## Ohio Rev. Code Section 4112 et seq.

26. Plaintiff Baetzel repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 25 as if more fully set forth at length herein;

27. Defendants GEO Care and Home Instead fall under the purview of Ohio's Fair Employment Practices Law pursuant to Ohio Rev. Code Section 4112 et seq. since they employ four or more individuals within the state. Moreover, individual Defendants herein also fall under Ohio's Fair Employment Practices Law since they are alleged to have committed individual acts of discrimination/harassment in the workplace;

28. Defendants terminated Plaintiff Baetzel, and otherwise discriminated against her, without just cause, with respect to her compensation, terms, conditions or privileges of employment, because of her sex, and limited, segregated and/or classified her employment in a way which deprived her of employment opportunities, or otherwise adversely affect her status as an employee, because of her sex. As a direct result of Defendants' action, collective and/or otherwise. Individual Defendants fall under the purview of Ohio's Fair Employment Practices Law pursuant to Ohio Rev. Code Section 4112 et seq. Genaro v. Central Transport, Inc. (1997), 80 Ohio St. 3d 1414; Plotner v. Swanton Local Board of Education, 85 F. Supp. 2d 747 (N.D. Ohio 2000);

29.     At all relevant times, Defendants acted with malice and reckless indifference to the statutorily protected rights of Plaintiff Baetzel in violation of Ohio Rev. Code Section 4112 et seq.;

30.     Ohio Rev. Code Chapter 4112 imposes individual liability on managers and supervisors for their discriminatory conduct found to be in violation of R.C. Chapter 4112. As for her causes of action against Defendants regarding their conduct herein alleged, Plaintiff Baetzel alleges that Defendants did intentionally, willfully, and without justification deprive Plaintiff Baetzel of her rights, privileges, and immunities secured to her by the Constitution of the United States, the Ohio Constitution, and the laws of State of Ohio, particularly her right to be free from unlawful employment practices and employment discrimination as provided by Ohio Rev. Code Section 4112 et seq. Plaintiff Baetzel has suffered damages which continue to accrue and for any and all back pay, front pay, compensatory, and punitive damages by law, including interest and attorneys' fees, made and provided, in an amount exceeding $1,000,000.00;

### Third Cause of Action
### Intentional and Negligent Infliction of Emotional Distress

31.     Plaintiff Baetzel repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 30 as if more fully set forth at length herein;

32.     Defendants have a duty to provide Plaintiff Baetzel with an environment at the place of employment that is free from unlawful employment practices and employment discrimination. Defendants' action and/or conduct hereunder breached that duty and was intentional and/or reckless in nature, as well as being extreme and outrageous, being of a nature that was rife with unlawful conduct, which resulted in the infliction of emotional distress upon Plaintiff Baetzel;

33. There exists a causal connection between the severe emotional distress sustained by Plaintiff Baetzel. Plaintiff Baetzel has undergone psychiatric and other emotional treatment as a direct result of Defendants' actions/omissions;

34. Plaintiff Baetzel has suffered damages which continue to accrue and for any and all back pay, front pay, compensatory, and punitive damages by law, including interest and attorneys' fees, made and provided, in an amount exceeding $1,000,000.00;

## Fourth Cause of Action
## Retaliation

35. Plaintiff Baetzel repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 34 as if more fully set forth at length herein;

36. Defendants Moore, GEO Care, and Home Instead illegally retaliated against Plaintiff Baetzel by terminating her employment after she declined the sexual advances of Defendant Moore and tried to address the hostile environment these actions created. Such action violates the antiretaliation provisions of Title VII of the Civil Rights Act;

37. Such action by Defendants Moore, GEO Care, and Home Instead were fraudulent, intentional, and malicious, entitling Plaintiff Baetzel to punitive damages;

38. Plaintiff Baetzel has suffered damages which continue to accrue and for any and all back pay, front pay, compensatory, and punitive damages by law, including interest and attorneys' fees, made and provided, in an amount exceeding $1,000,000.00;

## Fifth Cause of Action
## Wrongful Discharge

39. Plaintiff Baetzel repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 38 as if more fully set forth at length herein;

40. Plaintiff Baetzel was wrongfully discharged in violation of clear public policy against discrimination on the basis of sex;

41. Plaintiff Baetzel has suffered damages which continue to accrue and for any and all back pay, front pay, compensatory, and punitive damages by law, including interest and attorneys' fees, made and provided, in an amount exceeding $1,000,000.00;

WHEREFORE, Plaintiff Baetzel demands relief and judgment, as described herein, against Defendants, individually and/or severally, in the total amount in excess of $5,000,000.00, along with any and all other relief as this Court deems to be appropriate.

Respectfully Submitted,

Jihad M. Smaili, Esq. (0069768)
Jihad M. Smaili, Esq., L.L.C.
1360 West 9th Street, Suite 310
Cleveland, Ohio 44113
216.685.9500 (phone)
216.685.9685 (facsimile)
Attorney for Plaintiff Jolie Baetzel